# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN LAMAR BEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-CV-184-SNLJ |
| | ) | |
| NICOLE GREEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Jonathan Lamar Beal (registration no. 1181492) for leave to commence this action without payment of the required filing fee [Doc. #2]. The Court will grant the motion and assess plaintiff an initial partial filing fee of $8.23. In addition, after reviewing the complaint [Doc. #1] and for the reasons set forth below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $41.17, and an average monthly balance of $10.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $8.23, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is

malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its

judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

### The Complaint

Plaintiff, an inmate at the Dunklin County Justice Center, seeks monetary relief in this 42 U.S.C. § 1983 action against Nicole Green (Supervisor), Ashley Grisham (Nurse), Linda Hughes (Correctional Officer), and Bob Holder (Sheriff). Plaintiff's allegations arise out of an incident that took place on February 25, 2012. Plaintiff alleges that he sustained bruised bones and a torn muscle in his lower back after oil began leaking from machinery at the Dunklin County Justice Center. Plaintiff complains that "it took the CO's an hour to call the ambulance" and that they had threatened not to place the call unless plaintiff rolled over. In the ambulance, plaintiff was told, "Shut up before they shove tubes down [your] throat." Plaintiff alleges that he was prescribed a non-narcotic pain medication, but defendant Grisham refused to give it to him and told him to buy some ibuprofen at the canteen, knowing he had no money to pay for it. In addition, he claims that

4

defendant Green failed to call an ambulance when she first heard about the incident, that defendant Holder failed to respond to plaintiff's grievances regarding the neglect of his officers, and that defendant Hughes "kept touching [him] while [he] laid on the ground in pain, asking [him if] it hurt."

## Discussion

Plaintiff brings this action against defendants in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

5

As additional grounds for dismissing this action, the Court notes that supervisors, such as defendant Holder, cannot be held vicariously liable under § 1983 for the actions of a subordinate. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *see also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *see also Rivera v. Goord*, 119 F.Supp.2d 327, 344 (S.D.N.Y.2000) (allegations that inmate wrote to prison officials and was ignored insufficient to hold those officials liable under § 1983); *Woods v. Goord*, 1998 WL 740782, at \*6 (S.D.N.Y. Oct.23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983); *Watson v. McGinnis*, 964 F.Supp. 127, 130 (S.D.N.Y.1997) (allegations that an official ignored a prisoner's letter are insufficient to establish liability).

Furthermore, mere words, without more, usually do not invade federally protected rights, and mere negligence does not rise to the level of a constitutional violation. *See Burton v. Livingston*, 791 F.2d 97, 99-100 (8th Cir. 1986) (usually, mere words, without more, do not invade federally protected right; "rough language" resulting only in hurt feelings not actionable under § 1983); *Martin v. Sargent*, 780 F.2d 1334, 1338-39 (8th Cir. 1985) (verbal threats and name calling usually are not actionable under § 1983); *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (mere negligence is not cognizable as Eighth Amendment violation); *Morton v. Becker*, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment Due Process Clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).

For these reasons, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $8.23 within thirty (30) days of the date of this Order. Plaintiff is instructed to

7

make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 27th day of February, 2015.

                                          UNITED STATES DISTRICT JUDGE